1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *

9   DAIANA AZPILCUETA, individually and on  )
    behalf of CAL-NEVA TRANSPORT & TOW,  )
10  INC., a Nevada corporation,                      )          3:09-CV-00593-LRH-VPC
                                                     )
11              Plaintiffs,                          )
                                                     )          ORDER
12  v.                                               )
                                                     )
13  THE STATE OF NEVADA, ex. rel.                    )
    TRANSPORTATION AUTHORITY, a                      )
14  division of the Department of Business and       )
    Industry, DEPARTMENT OF PUBLIC                   )
15  SAFETY, OFFICE OF THE ATTORNEY                   )
    GENERAL, and CITY OF CARSON CITY, a              )
16  municipality of the State of Nevada; STEVEN      )
    SCHUETTE, in both his professional and           )
17  individual capacity; STEVE ALBERTSEN, in         )
    both his professional and individual capacity;   )
18  CHARLES TOLOTTI, in both his professional         )
    and individual capacity; DEAN BUELL, in          )
19  both his professional and individual capacity;    )
    JOHN MCGLAMERY, in both his                       )
20  professional and individual capacity;            )
    WILLIAM PROWSE, in both his professional          )
21  and individual capacity; KEVIN MCCOY, in          )
    both his professional and individual capacity;    )
22  The PROGRESSIVE CORPORATION dba                   )
    PROGRESSIVE CASUALTY INSURANCE                    )
23  COMPANY, an Ohio corporation; GALE               )
    LUNDEEN, an individual; MARCOS BRITO,             )
24  an individual; and DOE DEFENDANTS 1-50,           )
                                                     )
25              Defendants.                           )
    _____              )

26

1      Before the court is Defendant Progressive Casualty Insurance Company's ("Progressive")

2 Motion to Dismiss (#53[1]).  Plaintiff Daiana Azpilcueta, individually and on behalf of Cal-Neva

3 Transport & Tow, Inc., ("Plaintiff") has filed an opposition (#58) to which Progressive replied

4 (#61).

5 **I.      Facts and Procedural History[2]**

6      This action arose out of Plaintiff's operation of a towing company and an impound yard in

7 Carson City, Nevada, from 2004 until 2009.  Plaintiff opened Cal-Neva Transport & Tow, Inc. for

8 business in February, 2004.  (First Am. Compl. (#40) ¶ 23.)  Plaintiff alleges that over the course of

9 the next five years, Progressive and other defendants harassed, arrested, indicted, and prosecuted

10 Plaintiff because of her towing company's policy for the release of impounded vehicles.  (First Am.

11 Compl. (#40) ¶¶ 30-31.)  Prior to releasing a towed or impounded vehicle, Plaintiff required the

12 owner of the vehicle to show proof of valid driver's license, insurance, and registration.  (First Am.

13 Compl. (#40) ¶ 31.)

14      Plaintiff further alleges that Progressive harassed and threatened Plaintiff because Plaintiff

15 discovered and exposed a fraudulent insurance scheme involving Progressive.  (First Am. Compl.

16 (#40) ¶ 1.)  Beginning in January, 2005, Plaintiff noticed an abundance of fake identification cards,

17 registration, and insurance paperwork from people trying to pick up impounded vehicles.  (First

18 Am. Compl. (#40) ¶ 33.)  The insurance policies appeared to be issued by Progressive.  (First

19 Compl. (#40) ¶ 33.)

20      In April, 2007, the Nevada Department of Public Safety ("DPS") asked Plaintiff to

21 participate in a sting operation as a citizen informant and provide information she obtained about

22

23        [1]Refers to the court's docket entry number.

24        [2]The following facts are primarily taken from the complaint.  Because the court considers this case on

25 a motion to dismiss, the court accepts the allegations in the complaint as true.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

26

1    the fake identification cards.  (First Am. Compl. (#40) ¶ 34.)  In early May, 2007, Plaintiff met with

2    Defendant Dean Buell, a DPS employee, and told him about her discoveries.  (First Am. Compl.

3    (#40) ¶ 35.)

4          Shortly after Plaintiff reported to DPS her findings about Progressive's insurance scheme,

5    employees of several state agencies allegedly threatened to report Plaintiff to the Office of the

6    Attorney General if she did not stop her practices for releasing impounded vehicles.  (First Am.

7    Compl. (#40) ¶¶ 36-38.)

8          On October, 2008, the Attorney General's Office filed a criminal complaint against

9    Plaintiff.  (First Am. Compl. (#40) ¶ 47.)  Plaintiff was subsequently arrested and charged with

10   embezzlement, attempting to commit theft by embezzlement, and conspiracy to commit theft by

11   embezzlement.  (First Am. Compl. (#40) ¶ 42.)  After the arrest, various newspapers published

12   Plaintiff's name, picture, and a description of charges against her, asking people to come forward if

13   they had been wronged by Plaintiff.  (First Am. Compl. (#40) ¶ 44.)  Progressive's employee Gale

14   Lundeen also placed Plaintiff's name, picture, and a description of charges against her on the wall

15   of his insurance office.  (First Am. Compl. (#40) ¶¶ 19, 44.)

16         After a preliminary hearing on February 27, 2009, the court dismissed the charges against

17   Plaintiff, concluding that there was no evidence that Plaintiff committed a crime.  (First Am.

18   Compl. (#40) ¶¶ 49-50.)  However, Plaintiff alleges that the harassment against her continued after

19   the dismissal of the criminal charges.  (First Am. Compl. (#40) ¶ 53.)

20   **II.   Legal Standard**

21         Progressive seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure

22   12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the

23   Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela*

24   *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The

26

Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

///

4

1    **III.   Discussion**

2         Plaintiff claims that Progressive (1) conspired with the intent to deprive Plaintiff of her

3    constitutional rights, (2) intentionally inflicted emotional distress on Plaintiff, and (3) failed to

4    properly supervise, train, and control Lundeen.[3]  The court will address each of these claims below.

5         **A.   Conspiracy**

6         Plaintiff's first cause of action asserts that Progressive conspired with the other defendants

7    with the intent to deprive Plaintiff of her constitutional rights.  (First Am. Compl. (#40) ¶ 81.)

8    Under Nevada law, an actionable civil conspiracy "consists of a combination of two or more

9    persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose

10   of harming another, and damages results from the act or acts." *Hilton Hotels Corp. v. Butch Lewis*

11   *Prods.*, 862 P.2d 1207, 1210 (Nev. 1993) (citing *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev.

12   1989)).  To prevail in a civil conspiracy action, a plaintiff has to prove an explicit or tacit agreement

13   between the tortfeasors. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).

14        Progressive seeks to dismiss this cause of action because the complaint merely undertakes "a

15   formulaic recitation of the elements" of a claim for civil conspiracy without alleging any supporting

16   facts.  (Def.'s Mot. Dismiss (#53) 9:13-15.)  After reviewing the factual allegations in the complaint

17   in the light most favorable to Plaintiff, the court finds that Plaintiff has failed to allege facts

18   supporting a claim of conspiracy.  Specifically, Plaintiff claims in her briefing that Progressive and

19   Lundeen worked together in a conspiratorial fashion to issue the illegal insurance policies and turn a

20   significant profit, that Lundeen further conspired with the government defendants to deprive

21   Plaintiff of her constitutional rights, and that Progressive was profiting from Lundeen's actions.

22   (Pl.'s Opp. Mot. Dismiss (#58) 9:18-21.)  However, there are no factual allegations in the complaint

23   supporting the conclusion that Progressive was part of a group that violated Plaintiff's rights.  The

24

25        [3]Plaintiff also seeks an injunction from retaliation by Progressive.  (First Am. Compl. (#40) ¶¶ 125-

26   129.)  However, an injunction is not an independent claim for relief.

1    complaint does not contain facts suggesting there was an agreement between Progressive and other

2    defendants with the purpose to harm Plaintiff.  Accordingly, the court will dismiss this claim.

3        **B.  Intentional Infliction of Emotional Distress**

4            Next, Plaintiff claims that Progressive consistently threatened and harassed Plaintiff with the

5    intention of or reckless disregard for inflicting emotional distress on Plaintiff.  (First Am. Compl.

6    (#40) ¶ 86.)  To state a claim for intentional infliction of emotional distress, Plaintiff must establish

7    the following elements: "(1) extreme and outrageous conduct with either the intention of, or

8    reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme

9    emotional distress and (3) actual or proximate causation."  *See Olivero v. Lowe*, 995 P.2d 1023,

10   1025 (Nev. 2000) (citations omitted).  Extreme and outrageous conduct "is that which is 'outside all

11   possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'"

12   *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citations omitted).

13           Progressive argues that Plaintiff does not allege any facts supporting the conclusion that

14   Progressive consistently harassed and threatened Plaintiff.  (Def.'s Mot. Dismiss (#53) 7:26-27.)

15   The court agrees.  While the complaint alleges specific instances of threats made to Plaintiff by

16   several employees of state agencies, it does not mention any such wrongdoing by Progressive.

17   Moreover, the court finds no allegation in the complaint pertaining to Progressive's behavior that

18   amounts to extreme and outrageous conduct.  As a result, the court will dismiss this claim.

19       **C.  Supervisory Liability/Respondeat Superior**

20           Plaintiff also alleges that Progressive failed to provide proper supervision, training, and

21   control of Lundeen and allowed Lundeen to engage in the wrongful conduct towards Plaintiff.

22   (First Am. Compl. (#40) ¶ 122.)

23           Employers have a duty to use reasonable care in training, supervising, and retaining their

24   employees to ensure that the employees are fit for their positions.  *Hall v. SSF, Inc*., 930 P.2d 94, 99

25   (Nev. 1996).  A claim for negligent supervision requires proof of a breach of duty of care in training

26

6

or supervising an employee.  *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1194-95 (D. Nev. 2002).

Plaintiff fails to allege facts supporting her claim of negligent supervision.  In the absence of specific factual allegations suggesting that Progressive was negligent in supervising, training, or controlling Lundeen, the court will dismiss this cause of action.

Plaintiff further asserts liability against Progressive for actions of Defendant Lundeen under the doctrine of respondeat superior.  Because the court has dismissed Plaintiff's claims of conspiracy and intentional infliction of emotional distress against Lundeen, the court will grant Progressive's request to dismiss this claim.

IT IS THEREFORE ORDERED that Progressive's Motion to Dismiss (#53) is hereby GRANTED.

IT IS SO ORDERED.

DATED this 19th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7