1
2
3
4
5

6                    UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                      * * *

9   DAIANA AZPILCUETA, individually and on )
    behalf of CAL-NEVA TRANSPORT & TOW, )
10  INC., a Nevada corporation,            )        3:09-CV-00593-LRH-VPC
                                           )
11              Plaintiffs,                )
                                           )        ORDER
12      v.                                 )
                                           )
13  THE STATE OF NEVADA, ex. rel.          )
    TRANSPORTATION AUTHORITY, a            )
14  division of the Department of Business and )
    Industry, DEPARTMENT OF PUBLIC         )
15  SAFETY, OFFICE OF THE ATTORNEY         )
    GENERAL, and CITY OF CARSON CITY, a )
16  municipality of the State of Nevada; STEVEN )
    SCHUETTE, in both his professional and )
17  individual capacity; STEVE ALBERTSEN, in )
    both his professional and individual capacity; )
18  CHARLES TOLOTTI, in both his professional )
    and individual capacity; DEAN BUELL, in )
19  both his professional and individual capacity; )
    JOHN MCGLAMERY, in both his            )
20  professional and individual capacity;  )
    WILLIAM PROWSE, in both his professional )
21  and individual capacity; KEVIN MCCOY, in )
    both his professional and individual capacity; )
22  The PROGRESSIVE CORPORATION dba )
    PROGRESSIVE CASUALTY INSURANCE )
23  COMPANY, an Ohio corporation; GALE     )
    LUNDEEN, an individual; MARCOS BRITO, )
24  an individual; and DOE DEFENDANTS 1-50, )
                                           )
25              Defendants.                )
    _____)
26

On July 2, 2010, this court granted in part and denied in part Defendants State of Nevada, ex rel. Transportation Authority, Department of Public Safety, Office of the Attorney General, Charles Tolotti, Dean Buell, John McGlamery, and William Prowse's (collectively "State Defendants") Motion to Dismiss (#21[1]).  Plaintiff Daiana Azpilcueta, individually and on behalf of Cal-Neva Transport & Tow, Inc., has filed a motion to reconsider (#101).

## I. Legal Standard

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law." *Santa Monica Baykeeper*, 254 F.3d at 886.  Nonetheless, the case law in the Ninth Circuit "leaves some doubt concerning whether the law of the case doctrine constrains a district court's discretion to reconsider its own rulings prior to final judgment." *Mark H. v. Lemahieu*, 513 F.3d 922, 932 n.8 (9th Cir. 2008) (citing *Santa Monica Baykeeper*, 254 F.3d at 888 (holding law of the case doctrine is "wholly inapposite" when district court reconsiders an order over which it retains jurisdiction"); *United States v. Alexander*, 106 F.3d 874, 876-77 (9th Cir. 1997) (holding district court barred from reconsidering, after mistrial and change of judges, previous ruling on motion to suppress in absence of changed law or circumstances); *United States v. Smith*, 389 F.3d 944, 949-50 (9th Cir. 2004) (citing *Santa Monica Bay Keeper* and holding doctrine does not apply when district court reconsiders an order over which it retains jurisdiction).

The court need not resolve this issue here because, as discussed below, even if the doctrine did apply, reconsideration is not warranted. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007) (citations and internal quotation marks omitted).  The doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. *Ingle v.*

---

[1] Refers to the court's docket entry number.

2

*Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).  For the doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Hydrick*, 500 F.3d at 986 (citations and internal quotation marks omitted).  However, the law of the case doctrine comes with some exceptions.  A district court's decision to apply the doctrine will be deemed an abuse of discretion if "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

**II.   Discussion**

Plaintiff seeks reconsideration of the following findings in the court's order: (1) that Defendant Deputy Attorney General John McGlamery is entitled to immunity; (2) that the complaint fails to allege facts suggesting Defendants lacked probable cause to arrest Plaintiffs; and (3) that the complaint fails to allege facts suggesting an agreement between the defendants.

**A.  Immunity**

Plaintiff argues McGlamery is not entitled to prosecutorial immunity for any pre-indictment activities.  While this is a correct statement of the law, *see Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003), the complaint alleges facts based solely on McGlamery's role as a prosecutor.  To the extent Plaintiff seeks to assert claims against McGlamery based on pre-indictment activities, the court will grant Plaintiff leave to amend the complaint.

**B.  Probable Cause**

In its order on the motion to dismiss, the court found that the facts alleged by Plaintiff do not suggest that Defendants acted without probable cause in arresting, indicting, and prosecuting Plaintiff.  Plaintiff now contends that the court erred because "the question of whether probable cause existed is a question of fact."  (Pl.'s Mot. (#101) 4.)   While, again, this is a correct statement of the law, it does not affect the court's conclusion that, accepting the facts alleged in the

complaint as true, Plaintiff has not stated a claim for the violation of her Fourth Amendment rights. If Plaintiff seeks to add additional factual allegations, including facts addressing the "totality of the circumstances known to the arresting officers," to support such a claim, the court will grant Plaintiff leave to amend.  (*See* Pl.'s Reply (#112) 2.)

### C.  Conspiracy

Finally, Plaintiff contends that the court erred in dismissing her conspiracy claim because the complaint alleges facts suggesting the existence of an agreement between the defendants to deprive Plaintiff of her constitutional rights.  The court disagrees.  As the court previously explained, the facts in the complaint indicate that various entities were involved in investigating and prosecuting Plaintiff for conduct that appeared illegal.  The pursuit of a common objective that on its face appears reasonable, without more, does not suggest that defendants agreed to harm Plaintiff.  Nonetheless, if Plaintiff wishes to amend the complaint to allege facts suggesting an agreement to deprive Plaintiff of her constitutional rights, the court will grant her leave to do so.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider (#101) is DENIED in part and GRANTED in part.

Plaintiff shall have fifteen (#15) days from the entry of this order to file a first amended complaint consistent with this order.[2]

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff also seeks an injunction, she may include a request for such relief in the first amended complaint.

4